Weygandt, C. J.,
 

 dissenting. The simple and controlling question of law here involved is whether the new provisions of Section 4785-70, General Code, are mandatory or directory with reference to the maximum number of signatures that may appear on the petition of a candidate for election as a member of the state or county central committee of a political party.
 

 First, it is important to observe that the sole reason for the rejection of the relators’ petitions by the respondent board of elections was that they are “insufficient” for the reason that they contain
 
 too man
 
 signatures. The accepted synonyms for “insufficient” are such words as “deficient,” “lacking,” “scanty” and “inadequate.” Hence, on the conceded facts if is obvious that there was no basis whatsoever for the finding that the petitions are insufficient or lacking in signatures.
 

 But if a petition can somehow be considered as containing insufficient signatures because it contains to© many, there is no apparent reason for holding that the statutory maximum is mandatory. Counsel say that in their research they have been unable to find another instance of a similar statute in which the minimum and the maximum are the same. In Ohio the provision relating to petitions for state-wide candidacies fixes a
 
 *208
 
 minimum of one thousand signatures and a maximum of five thousand — a leeway of four thousand. As to district candidacies the minimum is one hundred and the maximum is five hundred — a difference of four hundred; and the same figures apply to county-wide candidacies. As to candidacies within a subdivision smaller than a county the minimum is five and the maximum is twenty-five — a difference of twenty. Thus in all these instances the maximum is five times as large as the minimum; and only in the case of a candidacy for state or county central committeeman are the minimum and the maximum the same.
 

 Furthermore, it is significant that as to state-wide, district, county-wide and subdivision candidacies it is expressly provided that if the maximum be exceeded such petition
 
 shall not be accepted or filed,
 
 but there is
 
 no
 
 similar provision relating to candidacies for state ■or county central committeeman. Hence, this court is asked to step out of character and judicially legislate into the statute a provision which the General Assembly itself did not see fit to place there.
 

 Finally, it is urged that the maximum of five must by inference be held mandatory because the General Assembly probably wished to reduce the amount of work required of the boards of elections. However, it would seem that precisely the same result would be obtained by holding this maximum directory and allowing boards of elections to simply disregard excess signatures as mere surplusage. Such a liberal construction would have the double advantage of avoiding the harsh result inherent in a provision allowing no latitude whatsoever, and, furthermore, would facilitate rather than thwart the elective process so important in a democracy.